UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TENNESSEE
                            AT KNOXVILLE


MICHAEL RHODES,                          )
          Plaintiff,                     )
                                         )
v.                                       )      No. 3:10-CV-351
                                         )      (Phillips/Guyton)
MICHAEL J. ASTRUE,                       )
COMMISSIONER OF SOCIAL SECURITY,         )
          Defendant.                     )


                            **MEMORANDUM OPINION**


This social security appeal is before the court for consideration of the Commissioner's objections [Doc. 14] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 13]. Magistrate Judge Guyton recommended that this case be remanded to the Commissioner for consideration of the opinion of plaintiff's treating physician, Dr. Ann Carter.

Plaintiff made his application for disability insurance benefits alleging disability beginning October 1, 2000. The claim was denied by the administrative law judge (ALJ) on October 20, 2008. The Appeals Council denied the plaintiff's request for review. Plaintiff sought judicial review of the Commissioner's decision. As required by 28 U.S.C. § 36(b)(1) and Rule 72(b), Fed.R.Civ.P., this court has now undertaken a *de novo* review of those portions of the report and recommendation to which the Commissioner objects. For the reasons that follow, the objections will be overruled.

Magistrate Judge Guyton found that the ALJ had committed error in this case by failing to discuss the opinion of plaintiff's treating physician, Dr. Ann Carter, that he met or equaled Listing 1.04A. The Commissioner concedes that the ALJ failed to mention Dr. Carter's opinion, however, contends that the error was harmless because Dr. Carter's opinion was "patently deficient." The court disagrees.

When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must give "good reasons" for the weight given to a treating source's opinion in the decision. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for the weight." Soc. Sec. Rul 96-2p, 1996 WL 374188 at *5.

The Commissioner argues that Dr. Carter's opinion is "patently deficient" because (1) the opinion failed to specify that plaintiff satisfied the six requirements necessary to meet Listing 1.04A, (2) the evidence failed to establish that plaintiff suffered from the listing-level impairment during the insured period, and (3) Dr. Carter's conclusion is not supported by her own medical records or the physical examination of the consultative examiner. While Dr. Carter's opinion is not determinative of disability, it is supported by the medical evidence of record and the ALJ was required to discuss it and state what weight he gave to the opinion in his determination that plaintiff was not disabled. This failure of

-2-

Case 3:10-cv-00351-TWP-HBG   Document 16   Filed 08/05/11   Page 2 of 3   PageID #: 68

the ALJ was not harmless, and the court concurs with the magistrate judge that this case must be remanded to the Commissioner for further review and appropriate findings. The Sixth Circuit has held that an ALJ's decision "requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided." *Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007).

Finding no error in the report and recommendation, the court will overrule the Commissioner's objections; deny the Commissioner's motion for summary judgment; and grant plaintiff's motion for summary judgment to the extent that this case is remanded to the Commissioner for further findings.

**ENTER:**

    s/ Thomas W. Phillips
    United States District Judge